rendered for performance by defendant, and that, if his wife persisted in her re-
fusal, plaintiff be permitted to deduct one-third of the purchase money, or, at his
election, leave that part of it on mortgage as indemnity against the wife's right of
dower.  *Held* that, there being nothing to show that plaintiff should be deprived
of one-third of the purchase money during his wife's life, specific performance
should not be decreed, but a new trial should be granted, that plaintiff might prove
his damages.

Appeal from special term, Orange county.

Action by Abram M. Roos against Isaac Lockwood for specific perform-
ance of a contract to convey real property.  Defendant appeals from a judg-
ment for plaintiff entered on trial by the court without a jury.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*B. R. Champion,* for appellant.  *Lewis Hasbrouck,* (*W. F. O'Neill,* of
counsel,) for respondent.

BARNARD, P. J.  The defendant, by an agreement in writing, undertook
to give a deed of an hotel property in Orange county to the plaintiff for the
sum of $8,500, all to be payable at or before the delivery of the deed.  The
defendant's wife refused to join in the deed.  The evidence does not show
that this refusal by the wife is in any way attributable to the husband.  The
court ordered a specific performance of the contract, and, if the wife persisted
in her refusal, the plaintiff was permitted to deduct one-third of the purchase
money, or, if the plaintiff so elected, to leave one-third of the purchase money
on mortgage at 5 per cent. until payable, after the wife's death, as indem-
nity against the wife's right of dower.  The power of a court of equity to de-
cree a specific performance in such a case as this cannot be doubted.  A con-
tract made by a husband may be enforced against him if the purchaser elects,
even if the dower right of the wife be left outstanding.  The present case is
not one where such specific performance should be granted.  The wife holds
an estate which the husband cannot sell, and, if he does, he subjects himself
to an action of damages, and also to one for specific performance; but there
is nothing in the case which shows that one-third of the purchase money is to
be rendered valueless to him during his wife's life.  Such an arrangement,
moreover, renders the title exceedingly unmerchantable for an indefinite pe-
riod.  Specific performance is not a right absolute under all circumstances.
*Hubbell* v. *Van Schoening,* 49 N. Y. 326.  The wife has not signed the con-
tract of sale, and therefore cannot be compelled to accept, in lieu of dower,
a gross sum, and no greater sum than a gross sum in lieu of dower is proper.
*Bostwick* v. *Beach,* 103 N. Y. 414, 9 N. E. Rep. 41.  We think, therefore,
that the judgment should be reversed, and a new trial granted, to the end
that the plaintiff may prove his damages as in an action at law; costs to
abide event.  All concur.

---

## WOLZ v. DRY-DOCK, E. B. & B. R. Co.

(*Supreme Court, General Term, Second Department.*  February 11, 1891.)

NEGLIGENCE—PLEADING.

 A complaint in an action against a street-railroad company for negligently caus-
ing the death of plaintiff's intestate, by a car being thrown against him by reason
of the defective condition of defendant's track and switch, alleged that defendant's
cars had been thrown from the track at the same place on many previous occa-
sions, of which fact defendant had knowledge.  *Held,* that this allegation, as ad-
dressed to the question of notice, was not objectionable, and should not be stricken
out.

Appeal from special term, Kings county.

Action by Charlotte Wolz, as administratrix of Charles Wolz, deceased,
against the Dry-Dock, East Broadway & Battery Railroad Company.  Plain-
tiff appeals from an order striking out part of the complaint.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

R. H. *Underhill*, for appellant. *James* and *Thomas H. Troy*, for respondent.

BARNARD, P. J. The complaint states that the plaintiff's husband was killed by the negligence of defendant. A part of section 2 of the complaint was stricken out by the order appealed from. The whole section is as follows: "That the defendant so negligently and unskillfully conducted itself, in not keeping the track and switch of said road at the corner of Grand and Forsyth streets in said city in proper condition, that its cars, at many different times prior to the accident hereinafter mentioned, were thus thrown from the proper track, of which fact the defendant had knowledge." That part of this section which avers that the defendant's cars had been thrown from the track by a defective switch and track on previous occasions was stricken out. The pleading was proper as it stood. The fact that cars were repeatedly thrown from the track with the knowledge of defendant was material and pertinent, in view of the fact, subsequently stated, that the accident happened at the corner of Grand and Forsyth streets, and that it was caused by the defective condition of the track and switch as to which the averment in the section is made. The complaint, taken as an entirety, is that the defendant kept a bad track and switch at the corner of Grand and Forsyth streets,—one which would not hold the cars in place, and which repeatedly failed, to defendant's knowledge,—and that on the 8th of November, 1888, the car was cast against plaintiff's husband, by this very condition of the switch and track, and was killed. The former instances of failure are only addressed to the question of notice of the defect, and are not objectionable as introducing other accidents to have an effect on the one involved in this action. The order should be reversed, with $10 costs and disbursements. All concur.